**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOEL ALEXANDER SALAZAR GUTIERREZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1210-G** |
| **UNITED STATES DISTRICT COURT, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Joel Alexander Salazar Gutierrez, a noncitizen[1] and El Salvadorean national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends the Court dismiss the Petition in part as moot, deny the Petition in part, and dismiss the Petition in part due to a lack of subject-matter jurisdiction over particular claims.[2]

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Although Respondents filed a "Response in Opposition to the Petition for Writ of Habeas Corpus," not a motion, they seek dismissal of the action pursuant to Federal Rule of Civil

## I. Background

Petitioner, a citizen of El Salvador, entered the United States on August 19, 2021, without inspection or admission near Hidalgo, Texas, and was taken into immigration custody on the same day. Doc. 9-1 at 1-2 (August 2021 ICE Encounter Summary). On September 17, 2021, Petitioner was released on an Order of Release on Recognizance. Doc. 9-2 at 3 (March 2024 ICE Encounter Summary); Doc. 9-9 at 2 (Hunt Decl.).[3]

On March 4, 2024, Petitioner was re-detained by ICE due to his arrest by Tulsa County law enforcement. Doc. 9-2 at 2; Doc. 9-9 at 2 (Hunt Decl.). The charges against Petitioner were dismissed, and he was again released by ICE on an Order of Release on Recognizance on May 15, 2024. Doc. 9-2 at 3; Doc. 9-9 at 2. Petitioner alleges he "filed a I-485 Application" for Permanent Resident Status, which was approved in September 2025. Doc. 10 at 1.

On November 17, 2025, ICE issued an administrative warrant for Petitioner's removal after his arrest by Tulsa County law enforcement on new charges. Doc. 9-4 at 2 (December 2025 ICE Encounter Summary); Doc. 9-9 at 2-3. He pleaded guilty to six

Procedure 12(b)(6). Resp. 3-4. The undersigned treats Respondents' filing as a response to the Petition because it was not styled as a motion and, as a result, Petitioner reasonably may not have understood a need to respond to it. The parties also filed supplemental information, Docs. 10, 12-13, which the undersigned has reviewed and considered.

[3] Mr. Hunt's Declaration recounting ICE's records does not indicate Petitioner was placed into removal proceedings before the Immigration Court in August 2021. Doc. 9-9 at 1-2. But the ICE Encounter Summary, dated August 20, 2021, states Petitioner "was processed for Warrant of Arrest/Notice to Appear per section 212(a)(6)(A)(i) of the Immigration and Nationality Act" at that time. Doc. 9-1 at 2. To the extent a factual discrepancy exists, it is not dispositive of the undersigned's analysis.

counts in Tulsa County on December 11, 2025, and received a deferred sentence. *See* OSCN Docket, *State v. Salazar Gutierrez*, No. CF-2025-4323 (Tulsa Cnty.), *at* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2025-4323&cmid=3834026 (last accessed Aug. 27, 2026).

Petitioner was taken into ICE custody on December 12, 2025, and he has since remained in ICE detention. Doc. 9-3 (Warrant for Arrest); Doc. 9-4 at 4; Doc. 9-5 at 1 (Notice of Custody Determination); Doc. 9-9 at 2-3. The same day, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 9-5 at 1; Doc. 9-9 at 3.

On April 28, 2026, an Immigration Judge ("IJ") ordered Petitioner removed and denied his request for asylum. Doc. 9-7 at 1 (Order of IJ); Doc. 9-9 at 3. The IJ also denied withholding of removal under 8 U.S.C. § 1231(b)(3) and denied withholding and deferral of removal under the Convention against Torture. Doc. 9-7 at 1. No evidence in the record indicates Petitioner timely appealed the decision with the Board of Immigration Appeals ("BIA") by the deadline of May 28, 2026. Doc. 9-7 at 4 (showing the appeal deadline); Doc. 9-9 at 3. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/

(last accessed Aug. 27, 2026) (showing no appeal received by the BIA). Therefore, his removal order is final under 8 U.S.C. § 1101(a)(47)(B)(ii) and 8 C.F.R. § 1241.1.[4]

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. The undersigned presumes he remains detained there, though his location is no longer indicated by the ICE Online Detainee Locator System. *See* Doc. 12 at 1; Doc. 13-2 (filing by Petitioner on August 19, 2026, indicating his detention at Cimarron Correctional Facility); ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last accessed Aug. 27, 2026).[5]

## II. <u>Petitioner's Claims</u>

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Due Process**. Petitioner alleges he was approved for a visa in September 2025 but not allowed to use that approval in his removal proceeding before an IJ. Pet. at 6.
- **Count II: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention without an individualized bond hearing violates the INA. *Id.*

---

[4] Petitioner provided evidence that he transmitted to the BIA a Motion to Accept Late Appeal on June 8, 2026. Doc. 10-1 at 3. It is unclear whether the BIA has addressed his motion. *Id.* (showing receipt on June 15, 2026, of Petitioner's motion by the Clerk of the BIA). This Court lacks jurisdiction to intercede in BIA procedures regarding timeliness of appellate filings. *Negrete-Ramirez v. Noem*, No. 25-cv-1227, 2026 WL 375961, at *2-3 (D.N.M. Feb. 10, 2026) (holding, under 8 U.S.C. § 1252(b)(9), that subject-matter jurisdiction did not exist to review the BIA's decision to accept a late appellate filing from an order by an IJ).

[5] The undersigned also ordered Respondents to "file written notice at least forty-eight hours before removing, transferring, relocating, or otherwise moving Petitioner," and no notice of removal has been filed. Doc. 7 at 2.

- **Count III: Violation of the INA.** Petitioner alleges ICE's failure to provide him with the warrant on the day he was taken into custody in December 2025 violates the INA. *Id.*

- **Count IV: Lack of bond hearing.** Petitioner alleges he is eligible for, but was not provided with, a bond hearing. *Id.* at 7.

Petitioner asks the Court to order his "immediate release" through an order of supervision, a bond, or another alternative. *Id.* In a supplemental filing, Doc. 10, Petitioner asks the Court to prevent his deportation.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Petitioner is not entitled to a bond hearing.

The two sections of the INA that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. If a noncitizen is detained under § 1225(b)(2)(A), he or she is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Both

§ 1225 and § 1226 apply during the period before a removal order from an IJ becomes final under 8 U.S.C. § 1101(a)(47)(B)(ii) and 8 C.F.R. § 1241.1.

Once an IJ's order of removal becomes final, a different statute controls: 8 U.S.C. § 1231. *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1188 (D. Colo. 2014) ("After the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231."). This shift from the pre-removal period of § 1225 and § 1226 to the "removal period" under § 1231 is triggered by the latest of three events:

> (i) The date the order of removal becomes administratively final;
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order;
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(i)-(iii). During the 90-day removal period to remove a noncitizen from the United States, the noncitizen is subject to mandatory detention. *Id.* § 1231(a)(1)(A), (a)(2)(A).

Here, Petitioner's order of removal became administratively final on May 28, 2026, when the 30-day period to appeal the IJ's determination ended without an appeal being filed with the BIA. *See id.* § 1101(a)(47)(B)(ii). Petitioner has not provided evidence that the order of removal is being judicially reviewed to trigger § 1231(a)(1)(B)(ii). *See also* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Aug. 27, 2026) (showing no appeal received by the BIA). Nor has he provided evidence that he is otherwise detained via a non-immigration process to trigger § 1231(a)(1)(B)(iii). Accordingly, on May 28, 2026, Petitioner's potential entitlement to a pre-removal bond

hearing ended, as he moved to the "removal period" under § 1231. As a result, Petitioner's request for a bond hearing should be dismissed as moot.

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2). This means "an actual controversy must be extant at all stages of review, not merely at time the [petition] is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (citation modified). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

Here, a bond hearing is no longer available to Petitioner because he has moved from the pre-removal period to the statutory scheme of § 1231.[6] As a result, that portion of his habeas challenge requesting a bond hearing is moot. *See Carbajal*, 43 F. Supp. 3d at 1189 (finding a bond hearing request moot under similar circumstances). The relief Petitioner requests is no longer available and cannot be redressed by a favorable judicial decision. Accordingly, the undersigned recommends the Court dismiss as moot Petitioner's request for a bond hearing under the INA. *Cf. Quintanilla v. Figueroa*, No. CIV-26-797-G, 2026

---

[6] None of the mootness exceptions apply to Petitioner's request for a bond hearing. *Ind v. Colo. Dep't of Corr.* 801 F.3d 1209, 1213 (10th Cir. 2015) (listing four exceptions to mootness).

WL 2302459, at *1 (W.D. Okla. Aug. 10, 2026) (dismissing a habeas petitioner's claims as moot because the petitioner was subject to mandatory detention under § 1231).

**B. Petitioner is not otherwise entitled to release based on the Petition.**

Petitioner also seeks "immediate release." Pet. 7. In some circumstances, a Court can order release once a noncitizen's 90-day removal period has ended, if the noncitizen has not been removed. *Zadvydas v. Davis*, 533 U.S. 678, 682, 687-88 (2001).

> There is no express limitation on the length of an alien's post-removal-period [of] detention under § 1231(a)(6). But in *Zadvydas*, the Supreme Court interpreted § 1231(a)(6) narrowly and imposed an implicit reasonable time limitation on such detention to avoid any Fifth Amendment due process issues that could arise from indefinite detention. After *Zadvydas*, an alien can be detained only until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Babakhani v. Gantt*, No. CIV-26-705-SLP, 2026 WL 1822995, at *3 (W.D. Okla. June 24, 2026) (citation modified). If Petitioner's order of removal became final on May 28, 2026, his 90-day removal period under § 1231(a) ended on August 26, 2026.

Here, Petitioner made no allegations in the Petition utilizing the *Zadvydas* analytical framework. Nor has there been a request to submit an amended petition. Instead, Petitioner's allegations and requests for relief are specific to the pre-removal period that has ended. *See* Pet. at 2 (relying on 8 U.S.C. § 1182(a)(6)(A)(i)); *id.* at 3, 6-7 (asserting eligibility for a bond hearing, which is only available to a noncitizen during the pre-removal period). The undersigned recommends the Court decline to construe the Petition as requesting release under *Zadvydas*, though Petitioner may request such relief in a future action if circumstances entitle him to such relief at that time.

To the extent the undersigned liberally construes the Petition to raise a claim under *Zadvydas*, Petitioner's detention has not extended beyond the presumptively reasonable six-month period set in *Zadvydas*. He has also failed to meet the *Zadvydas* requirement to establish "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. Petitioner has not alleged any institutional barriers to his removal; nor has he shown any obstacles particular to his circumstances that would prevent or delay his removal. *See, e.g.*, *Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008) (finding a petitioner was not entitled to relief because there had been "no showing" he would "not be accepted by his homeland of Nigeria"). Accordingly, to the extent the Petition could be construed to seek release under *Zadvydas*, Petitioner has failed to show there is no significant likelihood of his removal in the reasonably foreseeable future.

**C. No relief is available for Petitioner's warrantless arrest claim.**

Petitioner also asserts the INA was violated because he was not "given a copy of the issued warrant from the attorney general" when his current detention began.[7] Pet. 6. Under § 1226(a), a noncitizen may only be arrested and detained "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified). However, Respondents submitted a copy of the warrant dated December 12, 2025, which is the date Petitioner's

---

[7] Respondents did not substantively respond to either (a) Petitioner's claim that he was arrested without a warrant or (b) his claim that the process afforded to him in his removal hearing by the IJ was insufficient. Still, because Petitioner failed to adequately support these claims, the undersigned recommends the Court deny both claims.

detention began. Doc. 9-3 at 1. He has not demonstrated any deficiency in the warrant. As such, the Court should deny Petitioner's claim for relief based on a warrantless arrest.

**D. The Court should dismiss Petitioner's due process claim.**

Finally, Petitioner appears to assert he was prevented from using his September 2025 visa approval in his removal proceedings. Pet. at 6. The undersigned liberally construes this as an allegation that Petitioner's rights to procedural due process were violated because he did not have sufficient opportunities before an IJ to argue against removal. However, a challenge to evidentiary determinations made in a removal hearing must be brought via direct appeal, not in habeas.

Section 1252(b)(9) channels "judicial review of all questions of law and fact" from IJ removal proceedings to "judicial review of a final order" for removal. 8 U.S.C. § 1252(b)(9). Issues of law—including evidentiary rulings—are to be considered via appeal of the IJ's order to the BIA and later to the appropriate Court of Appeals. *See Aguilar v. U.S. Immigration & Customs Enf't*, 510 F.3d 1, 18 (1st Cir. 2007) (channeling "procedural due process claims" regarding "difficulties in calling witnesses and in presenting evidence" during "removal proceedings" to the direct, administrative appeal process under § 1252(b)(9)); *Onuwa v. Field Off. Dir.*, Civ. No. 26-2403, 2026 WL 772435, at *3 (D.N.J. Mar. 19, 2026) (indicating, under § 1252(b)(9), the IJ is the "determiner of appropriate evidence" in a removal proceeding). As a result of § 1252(b)(9), this Court lacks subject-matter jurisdiction to review an IJ's determinations about what materials a noncitizen may submit in a removal proceeding. Because the Court lacks

subject-matter jurisdiction to consider this issue, the undersigned recommends that it be dismissed.

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court (i) **DISMISS as moot** the Petition to the extent Petitioner seeks a bond hearing, (ii) **DENY** the Petition to the extent he seeks release via means other than a bond hearing, and (iii) **DISMISS for lack of subject-matter jurisdiction** his claim regarding the IJ's evidentiary determinations in his removal hearing.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 10, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 17, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 27th day of August, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE